### A. J. STEELE v. OHIO OIL CO.

**Former Judgment on Same Issue Presented and Plaintiff Had Full Knowledge of Facts upon which New Action is Based, Res Adjudicata.**

 In an action to obtain the cancellation of an oil and gas lease, when the answer sets up a former action between the same parties in which the validity of the same lease was in issue, and alleges that the case was tried upon that issue and judgment entered sustaining the validity of the lease, and further alleges that at the time of bringing the former suit the plaintiff had full knowledge of all the facts set up in the present action as grounds for cancellation of the lease, and no reply was filed to the answer, the plaintiff is not entitled to the relief sought because the controversy is *res judicata.*

APPEAL.

*George H. Phelps,* for plaintiff.

*J. W. Schaufelberger* and *Riegle & Avery,* for defendant.

## CHITTENDEN, J.

The plaintiff brought this action in the Common Pleas of Wood county, for the purpose of having canceled a lease for the privilege of producing oil from certain lands in said county and also for the purpose of enjoining defendant from all further operations upon said lands for the production of oil therefrom.

Steele v. Ohio Oil Co.

The prayer also asked for an accounting for all oil taken from the lands since the plaintiff became its owner in 1909.

As a reason for granting the relief which he seeks, plaintiff alleges facts which he claims show that the defendant is engaged in a conspiracy to monopolize the production of crude petroleum and its manufactured products and by-products, and that as a part of such monopoly and fraudulent conspiracy the lease of plaintiff's premises was purchased by the defendant from the original lessee, and he claims that as a result of such unlawful conspiracy the price of petroleum has been depressed to about thirty per cent. of its true economic value.

The facts are pleaded somewhat in detail, but they are all to the effect above stated.

The defendant files an answer to the plaintiff's claim in which it admits the corporate character of the defendant, the execution of the lease and ownership of the land and lease involved in the action, and denies all allegations contained in the amended petition of the plaintiff which charge an unlawful conspiracy to control production and market for petroleum and its products. It asserts that the lease in question was originally executed by the owner of the property to certain individuals from whom the defendant later acquired title. The defendant further alleges that the plaintiff bought the lands in question at a judicial sale with full knowledge of the lease and its terms and of the fact that the lease was owned by the defendant company. It further claims that it has in every particular complied with and carried out the terms of the written lease.

By a third defense set forth in the answer of the defendant it is alleged that in a former action* in the courts of Wood county between the same parties, the validity of this same lease was in question and that the courts determined, upon the merits of the case, that the lease was valid and that the defendant was entitled to operate for and produce oil upon said property in accordance with the terms of the lease.

It is alleged that in the former litigation above referred to, the plaintiff attempted to set up the same defense of an unlawful conspiracy upon the part of the defendant and others to monopolize the petroleum trade and depress the market value

*24 C. C. (N. S.), 27.

of its products and by-products. That during the course of the proceedings the pleadings in which it was sought to make this defense against the validity of the lease were voluntarily withdrawn by the plaintiff. The defendant alleges that at the time of the commencement of the former action above referred to the plaintiff, A. J. Steele, had full knowledge of all the facts stated in his petition filed in this case, and that all the matters and things in connection with the defendant's exclusive right to operate for oil and gas upon the whole of plaintiff's farm were in issue in the former action and were conclusively and finally litigated therein. To this answer no reply has been filed.

The defendant has filed a motion for judgment upon the pleadings in favor of the defendant, and the cause is now submitted on said motion.

The first question challenging our attention is the defense set up by the defendant that the cause has been fully adjudicated in a former action.

Although the answer of the defendant shows that the pleadings of the plaintiff setting up the unlawful conspiracy as a reason for avoiding the lease was withdrawn before the case was finally submitted for trial, it further alleges that at the time of the commencement of that action the plaintiff was in full knowledge of all those facts which he now claims if proven would avoid the lease.

In *Covington & C. Bridge Co.* v. *Sargent*, 27 Ohio St. 233, it was held:

"In a judicial proceeding in a court of record, where a party is called upon to make good his cause of action or establish his defense, he must do so by all the proper means within his control, and if he fails in that respect, purposely or negligently, he will not afterward be permitted to deny the correctness of the determination, nor, to relitigate the same matters between the same parties."

In *Rindskopf Bros. & Co.* v. *Doman*, 28 Ohio St., 516, 521, the court after quoting the syllabus in *Covington & C. Bridge Co.* v. *Sargent, supra,* say:

"So we take it when a party has full knowledge of all the facts that would make for him a valid defense in a given case, a failure to assert them at the proper time, from any cause over which he has control, will work a waiver, and cause him to loose the benefit thereof."

Steele v. Ohio Oil Co.

And in *Petersine* v. *Thomas,* 28 Ohio St. 596, 601, the court say:

"All matters of action and defense coming properly within the scope of the suit or action, will be put at rest by the final determination of the action or suit, unless excepted by some provision of law."

The doctrine in *Covington & C. Bridge Co.* v. *Sargent,* and *Rindskopf Bros. & Co.* v. *Doman, supra,* has been followed in many subsequent decisions, viz.: *Bartlett* v. *State* 28 Ohio St. 668; *Raymond* v. *Ross,* 40 Ohio St. 343; *Baltimore & O. Ry.* v. *Smith,* 54 Ohio St. 562, 596 [44 N. E. 240]; *Kunneke* v. *Mapel,* 60 Ohio St. 1, 6 [53 N. E. 259]. The principle indeed is elementary and it would serve no purpose to multiply authorities in this opinion.

We think the facts set forth in the answer of the defendant and which are undenied by the plaintiff, bring the case clearly within the doctrine above announced, and although the pleadings setting forth the facts of the unlawful conspiracy were voluntarily withdrawn from the action by the plaintiff before trial in the former case, yet the pleadings upon which the case was submitted to the court presented the issue as to the validity of the lease in question and the right of the defendant to operate under such lease, and that action, thus framed by the pleadings, left that as the issue upon which the case was tried and called upon the plaintiff to present every defense that he had to the claim made by the defendant in that action.

The answer of the defendant in this case contains the allegation that the plaintiff at the time of the bringing of the former suit had full knowledge of all the facts that he now sets up as a reason why the lease should be canceled.

Following the law as laid down in the several decisions above cited, we hold that the cause has become *res judicata,* and that the plaintiff is therefore not entitled to the relief prayed for in this action.

With this view of the case it becomes unnecessary to inquire into any further questions made upon the pleadings.

The judgment of the court will be that the petition of the plaintiff be dismissed at his costs.

KINKADE and RICHARDS, JJ., concur.